# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| SHELBY MARSH, | }  |
| Plaintiff, | } |
| v. | } CASE NO.: |
| ALCOHOLISM SERVICES OF KNOXVILLE, INC. d/b/a MIDWAY REHABILITATION CENTER, | } JURY DEMAND REQUESTED |
| Defendant. | } |

## COMPLAINT

**COMES NOW** the Plaintiff, Shelby Marsh (hereinafter, "Plaintiff" or "Ms. Marsh"), by and through undersigned counsel, Law Office of James W. Friauf, PLLC, and for her Complaint against Defendant, Alcoholism Services of Knoxville, Inc. d/b/a Midway Rehabilitation Center (hereinafter, "Defendant" or "Midway") avers as follows:

### I.

### PARTIES

1. Plaintiff, Shelby Marsh is a resident citizen of the State of Tennessee, County of Anderson.

2. Defendant, Alcoholism Services of Knoxville, Inc. d/b/a Midway Rehabilitation Center is a domestic non-profit corporation with its principal place of business in Knoxville, Tennessee. At all relevant times, Midway was engaged in the corrections and rehabilitation industry and transacts or has transacted business in

1

the State of Tennessee, County of Knox. Midway is registered to conduct business in the State of Tennessee and its registered agent is Steven D. McNish. Defendant is requested to waive service of process.

## II.

## JURISDICTION AND VENUE

3. This action alleges violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201, *et seq.*, as amended. Accordingly, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Knox County, Tennessee.

## III.

## GENERAL ALLEGATIONS

5. Plaintiff re-alleges and incorporates by reference each and every averment of paragraphs 1 through 4 herein, inclusive.

6. At all relevant times, Ms. Marsh was employed by Midway as a Duty Officer ("D.O.").

7. Ms. Marsh's employment with Midway began on or about September 24, 2008.

8. At all relevant times, Ms. Marsh made between $12.00 and $13.70 per hour as a D.O. for Midway.

9. Upon information and belief, from on or about September 24, 2008, to on or about May 1, 2014, Ms. Marsh was scheduled to work eight and one-half (8 ½) hour shifts.

10. Ms. Marsh was supposed to receive a thirty (30) minute lunch break for each shift

worked.

11. Upon information and belief, Ms. Marsh was suffered to or permitted by Midway to work during her scheduled lunch break.

12. Despite working through her scheduled lunch break, Midway required Ms. Marsh to indicate on her time sheet she took a lunch break.

13. Ms. Marsh was not paid for the time she worked through her lunch breaks.

14. Upon information and belief, each week from on or about September 24, 2008 to on or about May 1, 2014, Ms. Marsh was paid for at least forty (40) hours of work at her regular rate of compensation. Ms. Marsh was not, however, paid overtime wages for the two and one-half (2 ½) hours of lunch breaks she worked through each such week.

15. On or about May 1, 2014, Midway changed its policy, shortening its scheduled work shifts from 8 ½ hours to 8 hours, upon information and belief, because complaints were raised about Midway's failure to pay wages to its employees for working through their lunch breaks.

16. Midway knows or should know Ms. Marsh is entitled to unpaid overtime wages from on or about September 24, 2008 to on or about May 1, 2014.

17. Despite knowledge Ms. Marsh is owed unpaid overtime wages, Midway has willfully refused to compensate Ms. Marsh for unpaid overtime wages owed to her.

## IV.

## CLAIM FOR RELIEF

Failure to Pay Overtime Wages:
(*Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 207*)

18. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1 through 17 herein, inclusive.

19. On or about September 24, 2008, through on or about May 1, 2014, Plaintiff was employed by Defendant pursuant to 29 U.S.C. § 203(g). During this relevant time period, Defendant suffered or permitted Plaintiff to work during her scheduled lunch break.

20. Defendant willfully failed to pay Plaintiff not less than one and one-half (1 ½) times Plaintiff's regular rate of compensation at which she was employed for the time worked as averred in the preceding paragraph in violation of the FLSA's Overtime Wage provision, 29 U.S.C. § 207(a)(1).

21. The foregoing acts of Defendant constitute a willful violation of Plaintiff's rights pursuant to the FLSA.

22. As a direct and proximate result of Defendant's willful violation of Plaintiff's rights pursuant to the FLSA, Plaintiff has suffered injuries and damages and is entitled to relief as set forth more fully herein.

## V. DAMAGES

23. Plaintiff re-alleges and incorporates by reference each and every averment set forth in paragraphs 1 through 22 herein, inclusive.

24. As a direct and proximate result of each and every one of the foregoing acts,

conduct, and violations of the law alleged herein, Plaintiff has suffered damages in an amount and according to proof including, but without limitation, unpaid overtime wages and liquidated damages.

25. Plaintiff is further entitled to and seeks recovery of attorneys' fees and costs pursuant to the FLSA.

26. Plaintiff further seeks an award of pre- and post-judgment interest as permitted by law.

## VI.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff sues for unpaid overtime wages in an amount of not more than **FOUR THOUSAND THREE HUNDRED FIFTEEN DOLLARS and 50/100 ($4,315.50)**.

**WHEREFORE**, Plaintiff sues for liquidated damages in an amount of not more than **FOUR THOUSAND THREE HUNDRED FIFTEEN DOLLARS and 50/100 ($4,315.50)**.

**WHEREFORE**, Plaintiff respectfully demands payment of her reasonable attorneys' fees and costs in bringing this action pursuant to the FLSA.

**WHEREFORE**, Plaintiff respectfully demands a jury be empaneled to hear this cause.

**WHEREFORE**, Plaintiff respectfully requests this Court award such other and further relief as appropriate and assess the costs of this cause against the Defendant.

Respectfully submitted this 17th day of September, 2015.

*Law Office of*
**JAMES W. FRIAUF, PLLC**

/s/ James Friauf
JAMES W. FRIAUF (#027238)
6515 Clinton Highway
Suite 207
Knoxville, TN 37912
Tele: (865) 236-0347
Fax: (865) 512-9174
Email: james@friauflaw.com
Our File No.: 15-212

*Attorney for Plaintiff, Shelby Marsh*